**FAEGRE DRINKER BIDDLE & REATH LLP**
KENDAL C. MITCHELL (BAR NO. 335091)
*kendal.mitchell@faegredrinker.com*
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone. (415) 591-7500
Facsimile.  (415) 591-7510

Attorneys for Defendant
EXACTECH, U.S., INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG MINOR,<br><br>        Plaintiff,<br><br>    v.<br><br>EXACTECH U.S., INC., and DOES 1 through 100,<br><br>        Defendants. | Case No.<br><br>(Superior Court of California, County of San Joaquin, Case No. STK-CV-UPL-2024-8101)<br><br>**DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL**<br><br>[Filed Concurrently with Civil Cover Sheet; Notice of Interested Parties and Corporate Disclosure Statement; and Mitchell Decl. in Support of Removal]<br><br>Complaint Filed:    July 10, 2024<br>Date Removed:    August 19, 2024 |

DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL
Case No.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Exactech U.S., Inc. (hereinafter, "Exactech" or "removing defendant"), by and through its undersigned counsel hereby removes the above-captioned action from the Superior Court of the State of California, for the County of San Bernardino, to the United States District Court for the Central District of California. In support of this Notice of Removal, Exactech states that this Court has original subject matter jurisdiction over Plaintiff Young Minor's ("Plaintiff") lawsuit via diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Accordingly, removal is based on the following grounds.

## BACKGROUND

### I.    PLEADINGS AND PROCESS

1.    On or about July 10, 2024, Plaintiff commenced this action against Exactech and un-named, fictitious Doe defendants, by filing a complaint in the Superior Court of San Joaquin County, in the State of California, bearing case number STK-CV-UPL-2024-8101.

2.    Exactech was served with the Summons and Complaint on or around July 19, 2024.

3.    In this action, Plaintiff alleges that he suffered various injuries as a result of being implanted with an Exactech total knee replacement system designed, distributed, manufactured, sold, and marketed by Exactech. (Compl. ¶¶ 4–5.)

4.    As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Exactech has satisfied the procedural requirements for removal.

### II.    AN MDL EXISTS INVOLVING THE SAME PRODUCTS AND CLAIMS

5.    This is one of more than 1,600 similar cases pending around the country involving personal-injury allegations by plaintiffs who were implanted with Exactech

2

Faegre Drinker Biddle & Reath LLP
Attorneys At Law
Los Angeles

DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL
Case No.

**Error! Unknown document property name.**

medical devices. On October 7, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing MDL No. 3044, *In re: Exactech Polyethylene Orthopedic Products Liability Litigation*, before Judge Nicholas G. Garaufis in the United State District Court for the Eastern District of New York.

6.     Exactech intends to seek transfer of this action to the MDL proceeding and will shortly provide the JPML notice of this action pursuant to the "tag-along" procedure contained in the MDL rules.

## REMOVAL

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

7.     This is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the properly joined parties—Plaintiff and Exactech—in the underlying cause of action. Moreover, the amount in controversy as between Plaintiff and Exactech exceeds the sum or value of $75,000, exclusive of interests and costs.

8.     As explained below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states. Section 1441 provides that removal based on diversity jurisdiction is proper "if [none] of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

### A.     The Amount in Controversy Requirement is Satisfied.

9.     Plaintiff claims that he suffered "injuries, pain and debilitation, underwent a revision surgery, and suffered other injuries presently undiagnosed." (Compl. ¶ 11.) Plaintiff claims that he incurred "expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services, which said

**Error! Unknown document property name.**

services are still continuing." (Compl. ¶ 12.) Further, Plaintiff claims that his "earning capacity has been dismissed . . . in a presently unascertained sum." (Compl. ¶ 13.)

10.    It is widely recognized that personal injury claims involving medical products facially meet the $75,000 jurisdictional threshold. S*ee, e.g., In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Williamson v. Stryker Corp.*, 2013 WL 3833081, at *1 (S.D.N.Y. July 23, 2013) (holding amount in controversy satisfied where plaintiff brought products liability claims related to alleged failed knee implant); *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (collecting cases). In addition, compensatory and punitive damages in excess of the jurisdictional amount of $75,000 have been awarded in product-liability cases in California. *See, e.g., Stewart v. Union Carbide Corp.*, 190 Cal. App. 4th 23 (2010); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 10 1202 (2006); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990 (2005).

11.    Given Plaintiff's claim that he suffered various injuries as a result of being implanted with an Exactech total knee replacement system, it is evident from the face of the Complaint that the amount of recovery sought by Plaintiff exceeds $75,000. (Compl. ¶¶ 5, 11–13.)

**B.     Complete Diversity of Citizenship Exists Among the Properly Joined Parties.**

12.    There is complete diversity of citizenship between the properly joined parties.

13.    Plaintiff is presumably a citizen of the State of California. Plaintiff does not explicitly allege his citizenship or residence in the Complaint. (*See generally* Compl.) However, Plaintiff indicates that he underwent total knee replacement surgery in San Joaquin County, California on or around May 25, 2011, and that all of the events giving rise to his injuries arose in the County of San Joaquin, California.  (Compl. ¶¶ 5, 7.) Upon these facts that Plaintiff has remained in San Joaquin County, California for at least the past

4

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL
Case No.

**Error! Unknown document property name.**

thirteen years, Plaintiff is presumably a citizen of the State of California. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) ("[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change.).

14.     At all relevant times, Defendant Exactech U.S., Inc. was a corporation existing under the laws of the State of Florida, with its principal place of business in Gainesville, Florida. (Compl. ¶ 1.) Thus, Exactech U.S., Inc. is a citizen of Florida for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15.     Does 1 through 100 are fictitious parties whose citizenship is irrelevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under § 1332(a) . . . the citizenship of defendants sued under fictious names shall be disregarded.").

16.     Accordingly, the properly joined Defendant Exactech U.S., Inc. is a citizen of Florida, whereas Plaintiff is a citizen of California. Complete diversity of citizenship therefore exists between Plaintiff and properly joined Defendants.

## IV.     NOTICE OF FILING OF NOTICE OF REMOVAL

17.     In accordance with 28 U.S.C. § 1446 (d), Exactech will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the San Joaquin County Superior Court.

///

///

///

///

///

///

///

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL
Case No.

**Error! Unknown document property name.**

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Exactech has thus properly removed the underlying action to this Court.

Dated:  August 19, 2024          **FAEGRE DRINKER BIDDLE & REATH LLP**

By:    */s/ Kendal C. Mitchell*
       KENDAL C. MITCHELL

       Attorneys for Defendant
       EXACTECH, U.S., INC.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

6
DEFENDANT EXACTECH U.S., INC.'S NOTICE OF REMOVAL
Case No.

**Error! Unknown document property name.**

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2024 JUL 10 PM 3: 32

STEPHANIE BOHRER, CLERK

BY KACEY SUTTON

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EXACTECH, U.S., INC., and DOES ONE
through ONE-HUNDRED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YOUNG MINOR

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

STK-CV-UPL-2024-8101

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Joaquin County Superior Court
180 E. Weber Ave., 2nd Floor
Stockton, CA 9520

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael A. Kelly/ Jeffrey A. Clause
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor, San Francisco, CA 94108-2615, (415) 981-7210

| DATE: *(Fecha)* JUL 1 0 2024 | **STEPHANIE BOHRER** | Clerk, by *(Secretario)* KACEY SUTTON | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* EXACTECH U.S., INC.
under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
CEB | Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Minor, Young - 16289



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael A. Kelly/ Jeffrey A. Clause 071460/ 299967<br>Walkup, Melodia, Kelly & Schoenberger<br>650 California Street, 26th Floor<br>San Francisco, CA 94108-2615<br>TELEPHONE NO.: (415) 981-7210   FAX NO.: (415) 391-6965<br>EMAIL ADDRESS: jclause@walkuplawoffice.com<br>ATTORNEY FOR *(Name):* Young Minor | FILED<br>2024 JUL 10 PM 3:32<br>STEPHANIE BONKER, CLERK<br>By KACEY SUTTON<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 180 E. Weber Ave., 2nd Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 9520
BRANCH NAME:

CASE NAME: Minor v. Exactech, U.S., Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $35,000)   $35,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>STK-CV- UPL -2024- 9101<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/9/2024

Jeffrey A. Clause
                    (TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | CEB Essential<br>ceb.com Forms | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|---|


Minor, Young - 16289



FILED

2024 JUL 10 PM 3: 32

STEPHANIE GOHRER, CLERK

BY KACEY SUTTON

LAW OFFICES OF

**WALKUP, MELODIA, KELLY & SCHOENBERGER**

A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
JEFFREY A. CLAUSE (State Bar #299967)
jclause@walkuplawoffice.com
ATTORNEYS FOR PLAINTIFF YOUNG
MINOR

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

| | |
|---|---|
| YOUNG MINOR, | STK-CV-UPL-2024-8101 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | (1) Strict Liability—Manufacturing Defect |
| EXACTECH, U.S., INC., and DOES ONE through ONE-HUNDRED, | (2) Strict Liability—Failure to Warn |
| Defendants. | (3) Negligence—Design, Manufacture and Sale |
| | (4) Negligence—Failure To Recall/Retrofit |
| | (5) Negligence—Failure to Warn |
| | **DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

1. Defendant Exactech, U.S., Inc. is a corporation organized and existing under the laws of the State of Florida. At all times relevant to this action, defendant Exactech, U.S., Inc. conducted business in the County of San Joaquin, State of California.

2. The true names and capacities, whether individual, corporate, or otherwise of Does One through One Hundred, inclusive, are presently unknown to plaintiff, who therefore sues them by fictitious names. Plaintiff is informed and

1
COMPLAINT FOR DAMAGES



believes, and upon such information and belief alleges, that each of said defendants is, negligently or otherwise, legally responsible in some manner for the events and happenings herein alleged, either as manufacturers, suppliers, sellers, or distributors and that said defendants, negligently or otherwise, acted or omitted to act in one or more of said occupations or businesses and that such negligence or other basis of liability legally caused the injuries and damages hereinafter set forth. Plaintiff prays leave to amend this Complaint to assert herein the true names, capacities, functions, occupations, and businesses, along with the factual basis for liability of said defendants, when the same are ascertained.

3.     Plaintiff is informed and believes, and upon such information and belief alleges that, at all times and places mentioned herein, defendants, and each of them, were the agents, ostensible agents, co-conspirators, servants, employees, partners, joint venturers, affiliates, franchisees, and/or alter egos of the remaining defendants, and each of them, and that each of them were at all times and places mentioned herein acting in concert and within the purpose and scope of such conspiracy, service, agency, ostensible agency, employment, partnership, joint venture, affiliation, and/or franchise.

4.     At all times herein mentioned, defendants Exactech U.S., Inc. and Does One through Fifty, and each of them, designed, distributed, manufactured, sold, and marketed an Exactech total knee replacement system which is used for implantation into consumers, such as plaintiff, by physicians and surgeons in the State of California including San Joaquin County. The Exactech total knee replacement system was defective in that, among other things, the system allows oxygen to diffuse into a plastic insert prior to being implanted, leading to a process called oxidation which causes the plastic to prematurely deteriorate and become damaged after it is implanted into the patient's body. Premature wear of the plastic insert causes injury in patients and leads to the need for a premature and otherwise unnecessary revision surgery to replace the Exactech total knee replacement system.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

COMPLAINT FOR DAMAGES

5. On or around May 25, 2011, plaintiff Young Minor underwent a total knee replacement procedure that was performed in San Joaquin County in which the above-described Exactech total knee replacement system was implanted. As a result of the defective and negligent design, manufacture and composition of that device, and its accompanying warnings and instructions (or lack thereof), the implant became damaged and failed, causing injuries in Plaintiff Young Minor which required him to undergo a revision surgery to remove and replace the failed device. The knee implant was revised on or around October 6, 2021.

6. Plaintiff Young Minor has no medical or special training, and Plaintiff never suspected that the Exactech total knee replacement system was defective until June 16, 2022. Plaintiff first discovered that there were potential grounds for a products liability action on or around June 16, 2022, when he received notice that defendant Exactech U.S., Inc. had recalled the above-described Exactech total knee replacement system. This complaint for damages is therefore timely filed within two years of when plaintiff first had reason to suspect a product defect. In addition, Plaintiff Young Minor and defendant Exactech, U.S., Inc. entered into a 360 day tolling agreement on June 31, 2023, tolling the statute of limitations to June 11, 2025.

7. Venue in this Court is proper because the events giving rise to plaintiff's injuries arose in the County of San Joaquin, State of California.

## FIRST CAUSE OF ACTION
### [Strict Liability – Manufacturing Defect]

For a First Cause of Action, plaintiff Young Minor complains of defendants and alleges as follows:

8. Plaintiff hereby incorporates by reference paragraphs 1 through 7 herein, as though alleged fully in this Cause of Action.

9. At all times relevant, the Exactech knee replacement system implanted in plaintiff contained a manufacturing defect, in that it differed from the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES

manufacturer's design or specifications, or from other typical units of the same product line.

10.    The manufacturing defects herein described existed when the above-described products and equipment left the possession of each manufacturing defendant.

11.    By reason of the premises, and as a direct and legal result of the manufacturing defects described herein, plaintiff suffered injuries, pain and debilitation, underwent a revision surgery, and suffered other injuries presently undiagnosed. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

12.    By reason of the premises, and as a direct and legal result thereof, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services, which said services are still continuing. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

13.    By reason of the premises, and as a direct and legal result thereof, plaintiff has been unable at times to attend regular employment, and plaintiff's earning capacity has been diminished to plaintiff's special damage in a presently unascertained sum as said loss is not yet finally determined. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

14.    By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained special (economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

15.    By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4

COMPLAINT FOR DAMAGES

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION
### [Strict Liability – Failure to Warn]

For a Second Cause of Action, plaintiff Young Minor complains of defendants and alleges as follows:

16.     Plaintiff hereby incorporates by reference paragraphs 1 through 15 herein, as though alleged fully in this Cause of Action.

17.     At all times relevant, the Exactech knee replacement system had potential risks and side effects that were known or knowable to defendants by the use of scientific knowledge available before, at, and after the time of the design, distribution, manufacture, sale, and marketing of the Exactech knee replacement system. Defendants knew or should have known of the defects and risks associated with said product, as previously set forth herein.

18.     At all times relevant, the Exactech knee replacement was defective and unreasonably dangerous to any user or ordinary consumer of the device, such as plaintiff. Such ordinary consumers, including plaintiff, would not and could not have recognized or discovered the potential risks and side effects of the Exactech knee replacement system as set forth herein.

19.     The warnings and directions provided with the Exactech knee replacement system by defendants failed to adequately warn of the potential risks and side effects of the device and the dangerous propensities of said medical device, which risks were known or were reasonably scientifically knowable to defendants.

20.     As a direct and legal result of defendants' failure to adequately warn of those risks of injury to ordinary consumers such as plaintiff, plaintiff suffered the injuries herein described.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
COMPLAINT FOR DAMAGES

////

////

## THIRD CAUSE OF ACTION
### [Negligence – Design, Manufacture and Sale]

For a Third Cause of Action, plaintiff Young Minor complains of defendants and alleges as follows:

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20 herein, as though alleged fully in this Cause of Action.

22. At all times relevant, the defendants were negligent and careless in and about their design, testing, distribution, manufacture, advertising, sale, and marketing of the above-described Exactech knee replacement system.

23. At all times relevant, the defendants performed inadequate evaluation and testing of the Exactech knee replacement system where such evaluation and testing would have revealed the propensity of the Exactech knee replacement system to fail in the patient's body, causing injury and requiring the plaintiff to undergo a revision surgery.

24. As a direct and legal result of the above-described negligence in design, testing, distribution, manufacture, advertising, sale, and marketing of the Exactech knee replacement system, plaintiff suffered the injuries herein described.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### [Negligence – Failure To Recall/Retrofit]

For a Fourth Cause of Action, plaintiff Young Minor complains of defendants and allege as follows:

25. Plaintiff hereby incorporates by reference paragraphs 1 through 24 herein, as though alleged fully in this Cause of Action.

26. At all times relevant, defendants knew or reasonably should have

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT FOR DAMAGES

known that the Exactech knee replacement system was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner, and defendants failed to recall, retrofit, or warn patients or physicians about the dangers of the device.

27. Reasonable manufacturers and distributors under the same or similar circumstances would have recalled or retrofitted the Exactech knee replacement system.

28. As a direct and legal result of the above-described negligent failure to recall or retrofit, plaintiff suffered the injuries herein described.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### [Negligence – Failure to Warn]

For a Fifth Cause of Action, plaintiff Young Minor complains of defendants and alleges as follows:

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 herein, as though alleged fully in this Cause of Action.

30. At all times relevant, defendants knew or should have known that the Exactech knee replacement system was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

31. At all times relevant, defendants knew or reasonably should have known that the users of the device, including plaintiff, would not realize the dangers presented by the device.

32. At all times relevant, defendants failed to adequately warn of the dangers presented by the device and/or failed to instruct on the safe use of the device.

33. Reasonable manufacturers and reasonable distributors, under the same or similar circumstances as those of defendants' would have warned of the dangers presented by the Exactech knee replacement system, or instructed on the safe use of the device.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

COMPLAINT FOR DAMAGES

34. As a direct and legal result of the above-described negligent failure to warn, plaintiff suffered the injuries herein described.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

A. For general (non-economic) damages according to proof;

B. For special (economic) damages according to proof;

C. For pre-judgment interest as permitted by law;

D. For costs of suit; and,

E. For such other and further relief as this Court may deem proper.

Dated: July 9, 2024                     WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MICHAEL A. KELLY
JEFFREY A. CLAUSE
Attorneys for Plaintiff YOUNG MINOR

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: July 9, 2024                     WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MICHAEL A. KELLY
JEFFREY A. CLAUSE
Attorneys for Plaintiff YOUNG MINOR

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
COMPLAINT FOR DAMAGES

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UPL-2024-0008101**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 01/06/2025 | Time: 8:30 AM Department: 11B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE ROBERT T. WATERS IN DEPARTMENT 11B FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693 <br> Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/divisions/civil/ .

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 07/10/2024                                              _____Kacey Sutton_____,Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

LAW OFFICES OF

WALKUP, MELODIA, KELLY & SCHOENBERGER

A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
JEFFREY A. CLAUSE (State Bar #299967)
jclause@walkuplawoffice.com
ATTORNEYS FOR PLAINTIFF YOUNG
MINOR

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| YOUNG MINOR,<br><br>                Plaintiff,<br><br>    v.<br><br>EXACTECH, U.S., INC., and DOES ONE through ONE-HUNDRED,<br><br>                Defendants. | Case No.<br><br>**NOTICE OF POSTING JURY FEES** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs have posted jury fees in the amount of $150.00 for the above-referenced matter.

Dated: July 9, 2024            WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____

MICHAEL A. KELLY
JEFFREY A. CLAUSE
Attorneys for PLAINTIFF YOUNG MINOR

1



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> *Indicating your preference on Case Management Statement form CM-110;
>
> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
>
> *Agree to ADR at your initial Case Management Conference.
>
> **Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
> email at adr@sjcourts.org or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➤ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➤ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➤ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➤ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br> (Amount demanded    (Amount demanded is $25,000<br> exceeds $25,000)    or less) | CASE NUMBER: |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☐ complaint  ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
     The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
     a.   ☐ The trial has been set for *(date):*
     b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

     c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
     The party or parties estimate that the trial will take *(check one):*
     a.   ☐ days *(specify number):*
     b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
     The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
     a.   Attorney:
     b.   Firm:
     c.   Address:
     d.   Telephone number:                                    f.   Fax number:
     e.   E-mail address:                                       g.   Party represented:
     ☐   Additional representation is described in Attachment 8.

9.   **Preference**
     ☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
     a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
          (1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
          (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
     b.   **Referral to judicial arbitration or civil action mediation** (if available).
          (1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
          (2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
          (3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**                Page 2 of 5

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| **(1) Mediation** | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| **(6) Other** *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO.:<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

| ☐LODI Branch<br>315 W. Elm St.<br>Lodi, CA 95240 | ☐ MANTECA Branch<br>315 E. Center St.<br>Manteca, CA 95336 | ☐ TRACY Branch<br>475 E. 10ᵗʰ St.<br>Tracy, CA 95376 | ☐STOCKTON Branch<br>222 E. Weber Ave.<br>Stockton, CA 95202 | |
|---|---|---|---|---|

| Plaintiff(s)/Petitioner(s): | |
|---|---|
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation                    ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12    _____

☐Binding Arbitration (private)              _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?** ☐ **Yes**      ☐ **No**

**Neutral's name and telephone number:** _____/(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.  **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR. Original signatures required.**

| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:** Dated:_____    _____

                                    Judge of the Superior Court

**An ADR Review Hearing is scheduled for _____at _____a.m/p.m. in Dept. No. _____.**

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Sup Crt 441 (6/09)

Electronically Filed
Superior Court of California
County of San Joaquin
2024-08-16 12:10:26
Clerk: Cristina Arreola

**FAEGRE DRINKER BIDDLE & REATH LLP**
KENDAL C. MITCHELL (BAR NO. 335091)
*kendal.mitchell@faegredrinker.com*
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone. (415) 591-7500
Facsimile.  (415) 591-7510

Attorneys for Defendant
EXACTECH, U.S., INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

| | |
|---|---|
| YOUNG MINOR,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>EXACTECH, U.S., INC., and DOES ONE through ONE-HUNDRED,<br><br>　　　　　Defendants. | Case No. STK-CV-UPL-2024-8101<br><br>Honorable Robert T. Waters<br>Dept. 11B<br><br>**DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF YOUNG MINOR'S COMPLAINT**<br><br>Complaint Filed:　　July 10, 2024 |

Defendant Exactech, U.S., Inc. ("Exactech"), by and through the undersigned counsel, hereby responds to the Complaint filed by Plaintiff Young Minor ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Exactech denies each and every allegation of Plaintiff's Complaint, the whole thereof, and each and every cause of action therein, and further deny that Plaintiff sustained or is entitled to recover damages in the sum alleged or any sum whatsoever.  Without waiving its right to supplement and/or amend this Answer and these defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery, and Exactech further denies that Plaintiff sustained any injury, damage, or loss by reason of any act or omission by Exactech.

By alleging the Affirmative Defenses set forth below, Exactech intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise governs with respect to any particular issue at law or equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

1.    Each purported cause of action in Plaintiff's Complaint fails to allege facts sufficient to constitute a cause of action against Exactech.

### SECOND AFFIRMATIVE DEFENSE

*(Third-Party Acts)*

2.    If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's injuries or expenses were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Exactech was not responsible and with whom it had no legal connection.

- 2 -

## THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence)

3.      Plaintiff was negligent, and Plaintiff's negligence caused or contributed to cause any injuries or expenses she claims.  Any amount Plaintiff claims as compensatory damages, if the claim for such amounts is not entirely barred, must be diminished proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm.  Exactech therefore requests that in any finding of liability in favor of Plaintiff or settlement through judgment against Exactech, an apportionment of fault be made among all parties, as permitted by *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, and *American Motorcycle Assoc. v. Superior Court* (1987) 20 Cal.3d 578, by the court or jury.  Exactech further requests a judgment and declaration of partial indemnification and contribution against all parties or persons in accordance with the apportionment of fault.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.      With respect to each and every cause of action in Plaintiff's Complaint, all or part of Plaintiff's claims are barred by the applicable statutes of limitations and/or statutes of repose, including without limitation, California Code of Civil Procedure sections 335.1 and 343.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations – No Delayed Discovery)

5.      With respect to each and every cause of action in Plaintiff's Complaint, all or part of Plaintiff's claims are barred by the applicable statutes of limitations and/or statutes of repose, including without limitation, California Code of Civil Procedure sections 335.1 and 343, because Plaintiff did not conduct a reasonable investigation of all potential causes of Plaintiff's injury so as to invoke the discovery rule.

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. STK-CV-UPL-2024-8101

## SIXTH AFFIRMATIVE DEFENSE

### (Causation - Superseding/Intervening Cause)

6.      If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's injuries or expenses were the result of intervening and/or superseding causes, and not as a result of acts or omissions of Exactech.

## SEVENTH AFFIRMATIVE DEFENSE

### (Causation - Idiosyncratic Reaction)

7.      Each purported cause of action of Plaintiff's Complaint is barred because injuries and damages allegedly sustained by Plaintiff were caused by an idiosyncratic reaction to the subject product that was not reasonably foreseeable to Exactech.

## EIGHTH AFFIRMATIVE DEFENSE

### (Conformity with Applicable Law)

8.      The conduct of Exactech and the subject product conformed to the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration.  Moreover, the activities of Exactech alleged in Plaintiff's Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant times alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

9.      Should Exactech be held liable to Plaintiff, which liability is specifically denied, Exactech would be entitled to a set off for the total of all amounts paid to Plaintiff from all collateral sources.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act of 1986)

10.      The liability of Exactech, if any, in this action is subject to the limitations of the Fair Responsibility Act of 1986, as set forth in Civil Code sections 1431-1431.5.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Defect)

11.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect since the subject product was properly prepared in accordance with the applicable standard of care.

## TWELFTH AFFIRMATIVE DEFENSE

### (Risk-Benefit)

12.    Plaintiff's product liability causes of action are barred because the benefits of the subject product's design outweigh any risks of the design.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consumer Expectation)

13.    Plaintiff's product liability causes of action alleged against Exactech are barred because the subject product was consistent with or exceeded consumer expectations.[1] Notwithstanding Plaintiff's claims and contentions, Plaintiff received all or substantially all of the benefit from the subject product Plaintiff hoped and intended to receive, and, to that extent, any damages and/or restitution Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (State-of-the-Art)

14.    Plaintiff cannot recover under Plaintiff's Complaint because Exactech's product was in conformity with the generally recognized state-of-the-art at the time they were designed, manufactured, packaged, and labeled.

---

[1] Exactech makes this affirmative defense in the alternative, and does not concede that the consumer expectation test is an appropriate instruction for design defect claims in this action. Indeed, Exactech maintains that pursuant to *Trejo v. Johnson & Johnson* (2017) 13 Cal.App.5th 110, the consumer expectation test does not apply to design defect claims for prescription medical devices like the subject product. *See Trejo*, 13 Cal.App.5th at 156-160.

- 5 -

**FIFTEENTH AFFIRMATIVE DEFENSE**

*(Assumption of Risk)*

15.  Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in Plaintiff's Complaint. Pursuant to the doctrines of primary and secondary assumption of risk or informed consent, this conduct bars, in whole or in part, any damages Plaintiff seeks to recover herein.

**SIXTEENTH AFFIRMATIVE DEFENSE**

*(Preemption)*

16.  Plaintiff's claims, predicated on state tort law and alleging the subject product to be unsafe, are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate)*

17.  Each purported cause of action of Plaintiff's Complaint is barred by reason of Plaintiff's failure to mitigate Plaintiff's alleged damages or losses.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

*(Equitable Doctrines)*

18.  Each purported cause of action of Plaintiff's Complaint is barred by the equitable doctrines of laches, unclean hands, good faith, waiver, estoppel, and res judicata.

**NINETEENTH AFFIRMATIVE DEFENSE**

*(Modification)*

19.  Plaintiff's alleged injuries or damages, if any, may have been proximately caused by an unreasonable modification or alteration of the product which was not reasonably foreseeable, was made by a person other than Exactech, and was made subsequent to the time of original sales.

**TWENTIETH AFFIRMATIVE DEFENSE**

*(Failure to Follow Warning)*

20.     The proximate cause of the alleged injuries described in Plaintiff's Complaint may have been the use of the product for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning appearing on, attached to, or delivered with the product.  Plaintiff knew, or with the exercise of reasonable diligence and care should have known, of such instructions and warnings.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

*(Proximate Cause)*

21.     Any condition of the product in question alleged to be defective or to have constituted a breach of duty by Exactech was not a proximate cause of Plaintiff's alleged injuries and damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

*(Complied with Specifications)*

22.     Upon information and belief, the product alleged by Plaintiff to have been defective did not deviate from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*(No Alternate Design)*

23.     Exactech avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of (a) the design characteristics, if any, that allegedly caused the injuries and damages complained of herein or the alleged danger of such characteristics, or (b) any alternative design referred to by Plaintiff.  Exactech further avers that any alternative design was neither feasible, either scientifically or technologically, nor economically practical.

- 7 -

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*Spoliation*)

24.    Plaintiff's claims may be barred due to the spoliation of evidence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*Vague and Ambiguous*)

25.    The Complaint is vague, uncertain, and ambiguous.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*No Resulting Damage*)

26.    Exactech alleges that some or all of Plaintiff's claims are barred as a matter of law pursuant to *Aas v. Superior Court*, 24 Cal.4th 627 (2000), as no resulting damage has occurred from the conditions claimed by Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (*Active and Affirmative Negligence*)

27.    Exactech alleges that Plaintiff is liable for active and affirmative negligence in and about the matters alleged in the Complaint, which active and affirmative negligence was a proximate cause of the damages, if any, which Plaintiff complains of herein, thereby barring any right to indemnification that Plaintiff may assert.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (*Misuse/Abuse of Product*)

28.    Exactech is informed and believes that the product in question was improperly used/abused and that this improper use/abuse proximately caused the incidents, injuries, loss, and damages referred to in Plaintiff's Complaint, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (*Sophisticated User*)

29.    In the event that any product made the subject of this proceeding is found to have posed an unreasonable risk of harm, is found to have lacked adequate warnings, or is found to be otherwise defective, all of which is denied, then Exactech asserts that no warning was necessary,

- 8 -

as any dangers were open and obvious, and/or the product were sold to, leased to, or being used by a sophisticated user.

## THIRTIETH AFFIRMATIVE DEFENSE

### (*No Strict Liability*)

30.     Upon information and belief, the product is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the devices for a class of patients, knowing the devices' foreseeable risks and therapeutic benefits.  Plaintiff's claims are barred or limited to a product liability failure-to-warn claim because the product is a prescription medical device and falls within the ambit of Restatement (Second) of Torts section 402A, Comments j and k, and Restatement (Third) of Torts: Product Liability Sections 4 and 6.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (*Learned Intermediary Doctrine*)

31.     Exactech provided adequate and complete warnings concerning the subject product to Plaintiff's prescribing physicians.  Therefore, any claim by Plaintiff that Exactech failed to directly warn her, consumers generally or the public at large about the risks associated with the subject product, or that the product warnings were inadequate, is controlled by, and barred under, the Learned Intermediary Doctrine.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (*Protected Speech*)

32.     Plaintiff's claims are barred, in whole or in part, because Exactech's advertisements and labeling with respect to the subject product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (*Failure to Join an Indispensable Party*)

33.     The Complaint fails to join indispensable parties necessary for the just adjudication of the matter.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(*No Reliance*)

34.    Plaintiff's warranty-based claims are barred, in whole or in part, by Plaintiff's lack of reliance on any such alleged warranties.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(***Howell v. Hamilton Meats***)

35.    Exactech alleges Plaintiffs' recovery for past medical expenses or other economic loss or benefit, if any, is limited to the lesser of the amount paid or the reasonable value of those services or benefits.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(**Joint and Several Liability**)

36.    Irwin alleges that the liability of Irwin for the non-economic damages claimed or proven by Plaintiffs shall be and is limited by California Civil Code section 1431.2.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(*Right to Assert Additional Defenses*)

37.    Exactech has not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on any other applicable defenses as may become available or apparent during discovery proceedings.  Exactech further reserves the right to delete affirmative defenses Exactech determines are no longer applicable, and to amend this Answer or these affirmative defenses accordingly.

## RELIEF REQUESTED

WHEREFORE, Exactech prays that this Court:

1.    Order that Plaintiff take nothing by the Complaint;

2.    Dismiss Plaintiff's Complaint against Exactech;

3.    Enter judgment in favor of Exactech;

4.    Award Exactech its costs, attorneys' fees, and disbursements herein; and

///

- 10 -

5.    Order such other further relief as this Court may find just and proper.

Dated:   August 16, 2024                    **FAEGRE DRINKER BIDDLE & REATH LLP**

By:_____
       KENDAL C. MITCHELL

       Attorneys for Defendant
       EXACTECH, U.S., INC.

- 11 -

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within entitled action; my electronic address is lorena.lazheztter@faegredrinker.com and my business address is 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On August 16, 2024, I served the foregoing "**DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF YOUNG MINOR'S COMPLAINT**" on the interested parties, by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Michael A. Kelly
Jeffrey A. Clause
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
(415) 981-7210
mkelly@walkuplawoffice.com
jclause@walkuplawoffice.com

**Attorneys for Plaintiff Young Minor**

☒ (BY MAIL)  I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing mail.  Under that practice, it is deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter dates is more than one day after date of deposit for mailing in affidavit.

☒ (VIA ELECTRONIC SERVICE)  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated:   August 16, 2024                    _____
                                            Lorena Lazheztter

- 12 -

DEFENDANT EXACTECH, U.S., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. STK-CV-UPL-2024-8101